NB:MEM/KCM
F. #2019R00445

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 10 2024 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

QUASHAWN MABEN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 19-00237 (S-1) (JMA)
(T. 18, U.S.C., §§ 2251(a), 2251(e),
2252(a)(2), 2252(a)(4)(B), 2252(b)(1),
2252(b)(2), 2253(a), 2253(b), 2422(b),
2428(a), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

THE GRAND JURY CHARGES:

COUNT ONE
(Sexual Exploitation of a Child)

1.    On or about March 13, 2019, within the Eastern District of New York and elsewhere, the defendant QUASHAWN MABEN, together with others did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe, a minor individual whose identity is known to the grand jury, to engage in sexually explicit conduct, and attempt to do so, for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and

which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT TWO
(Coercion and Enticement)

2.   On or about March 13, 2019, within the Eastern District of New York and elsewhere, the defendant QUASHAWN MABEN, together with others, using one or more facilities and means of interstate and foreign commerce, to wit: the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe, to engage in sexual activity for which a person could be charged with a criminal offense, to wit: use of a child in a sexual performance, in violation of New York Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b), 2 and 3551 et seq.)

## COUNTS THREE THROUGH SIX
(Distribution of Child Pornography)

3.   On or about and between February 10, 2019 and February 14, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QUASHAWN MABEN did knowingly and intentionally distribute

one or more visual depictions, to wit: the digital videos and images depicted in the following electronic files:

| COUNT | FILE | DATE |
| --- | --- | --- |
| THREE | 2015-07-11, 5 30 52 PM.mp4 | February 10, 2019 |
| FOUR | Camille 1.9yo girl learns how to give bj turn it up1:14.mp4 | February 10, 2019 |
| FIVE | 5 YR ANALLY USED.MP4 | February 10, 2019 |
| SIX | IMG_0336.jpg | February 14, 2019 |

using a means and facility of interstate and foreign commerce, and which visual depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 3551 et seq.)

## COUNT SEVEN
(Possession of Child Pornography)

4. On or about and between February 10, 2019 and March 13, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QUASHAWN MABEN did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: images and videos in files stored on (a) an iPhone X with serial number DNPWVGC0JCLG, and (b) a Motorola Z3 cell

phone, ESN 990011100982999, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which was produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct, and one or more of such visual depictions involved one or more prepubescent minors and one or more minors who had not attained 12 years of age.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND THREE THROUGH SEVEN

5. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One and Three through Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any

property traceable to such property, including but not limited to the following assets, all seized by law enforcement on or about March 15, 2019, in Suffolk County, New York:

    (a)    one iPhone X with serial number DNPWVGC0JCLG;

    (b)    one Motorola Z3 cell phone, ESN 990011100982999;

    (c)    one Toshiba laptop, serial number 18333768Q;

    (d)    one Lenovo laptop, serial number YD00WH7X; and

    (e)    one Nintendo DS XL, serial number, QW124408287.

6.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

6

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

7. The United States hereby gives to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of: (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to the following assets, all seized by law enforcement on or about March 15, 2019, in Suffolk County, New York:

    (a) one iPhone X with serial number DNPWVGC0JCLG;

    (b) one Motorola Z3 cell phone, ESN 990011100982999;

    (c) one Toshiba laptop, serial number 18333768Q

    (d) one Lenovo laptop, serial number YD00WH7X; and

    (e) one Nintendo DS XL, serial number, QW124408287.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

A TRUE BILL ✓

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 10 2024 ★

LONG ISLAND OFFICE

# INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: <u>United States v. Quashawn Maben</u>

2. Related Docket Number(s): <u>19-00237 (JMA)</u>

3. Arrest Date: <u>3/15/2019</u>

4. Nature of offense(s):  ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local E.D.N.Y. Division of Business Rules):_____

6. Projected Length of Trial:  Less than 6 weeks  ☒
   More than 6 weeks  ☐

7. County in which crime was allegedly committed: <u>Richmond/Suffolk</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Was any aspect of the investigation, inquiry and prosecution giving rise to the case pending or initiated before March 10, 2012.[1]   ☐ Yes  ☒ No

9. Has this indictment/information been ordered sealed?   ☐ Yes  ☒ No

10. Have arrest warrants been ordered?   ☐ Yes  ☒ No

11. Is there a capital count included in the indictment?   ☐ Yes  ☒ No

RICHARD P. DONOGHUE
United States Attorney

By: _____
Kaitlin C. McTague
Assistant U.S. Attorney
(631) 715-7878

---

[1] Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12